Armina Kaye HENNAGER,
Plaintiff—Appellant,

v.

PROGRESSIVE SPECIALTY
INSURANCE COMPANY,
Defendant—Appellee.

Ron Harbuck, as Next Best Friend of
Rhonda Harbuck, Plaintiff—
Appellant,

v.

Progressive Specialty Insurance
Company, Defendant—
Appellee.

Nos. 02–36022, 02–36024.
D.C. Nos. CV–01–00274–A–RRB,
CV–01–00275–RRB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 4, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See FED. R.APP. P. 34(a)(2).

William R. Satterberg, Jr., Fairbanks, AK, Timothy Dooley, Law Office of Timothy Dooley, Anchorage, AK, Robert John, Fairbanks, AK, for Plaintiff–Appellant.

Susan M. West, Gary A. Zipkin, Guess & Rudd, Anchorage, AK, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM**

Ron Harbuck, as next best friend of Rhonda Harbuck, and Armina Hennager appeal the district court's grant of summary judgment for the defendant, Progressive Specialty Insurance Company ("Progressive"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts, and we need not recite them here.

The district court properly interpreted Alaska Statute ("AS") § 21.89.020.[1] The meaning of the statute is clear, and legislative history of the statute does not contravene its plain language.[2] When an applicant for auto insurance or a named insured on an auto insurance policy is required to show proof of financial responsibility ("SR–22") pursuant to AS §§ 28.20.010—28.20.640, then the statute does not require insurance companies to offer that driver the higher uninsured/underinsured motorist ("UM/UIM") coverage of AS § 21.89.020(c)(2)(A)-(E).[3] The insurer is only required to offer UM/UIM coverage equal to the amount of liability insurance chosen and purchased by the applicant.[4] The selection of the liability coverage, and thus the UM/UIM coverage, then applies to all insureds under the policy.[5] Harbuck and Hennager were covered under policies on which a named insured was subject to SR–22 requirements. Progressive met the requirements of AS § 21.89.020 by providing UM/UIM coverage equal to the liability coverage purchased.

The district court's decision did not violate either the Equal Protection Clause of Article I, § 1, or the Due Process Clause of Article I, § 7, of the Alaska Constitution. UM/UIM coverage as an economic interest is therefore reviewed under minimum scrutiny analysis.[6] The state has shown that AS § 21.89.020(c) bears a sub-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003) (stating that a district court's grant of summary judgment is reviewed *de novo*).

2. *See Progressive Ins. Co. v. Simmons,* 953 P.2d 510, 516 (Alaska 1998) (stating that " 'the plainer the meaning of the language of the statute, the more convincing any contrary legislative history must be' ") (quoting *Penin-*

*sula Mktg. Ass'n v. State,* 817 P.2d 917, 922 (Alaska 1991)).

3. Alaska Stat. § 21.89.020(c)(2) (West 1997).

4. *Id.* at § (c)(1).

5. Alaska Stat. § 21.89.020(h) (West 1997).

6. *See State, Dep't of Health & Soc. Servs. v. Planned Parenthood of Alaska, Inc.,* 28 P.3d 904, 909 (Alaska 2001) (stating levels of analysis); *Schikora v. State, Dep't of Revenue,* 7 P.3d 938, 944 (Alaska 2000) (stating economic claims are reviewed under minimum scrutiny analysis).

stantial and rational relationship to the legitimate government objective of enabling the citizens of Alaska to obtain auto insurance at the lowest possible price.

No genuine issue of material fact exists in Hennager's case that precludes summary judgment in favor of Progressive. Hennager was covered by an insurance policy with a named insured who was subject to SR–22 requirements. She was therefore subject to the UM/UIM limits of that policy.

AFFIRMED.